# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHGIAN
# SOUTHERN DIVISION

| | |
|---|---|
| JPA HOLDINGS, LLC, a Michigan Limited Liability Company, and SANDEEP GOSAL on behalf of themselves and other similarly situated, <br><br> Plaintiff, <br> v <br><br> The 36th District Court, a District Court for the State of Michigan and Honorable William C. McConico, in his capacity as the Chief Judge of the 36th District Court, <br><br> Defendants. | Case No. <br> Hon: <br><br> **CLASS ACTION** |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, **JPA HOLDINGS, LLC** (hereinafter "**JPA**") and **SANDEEP GOSAL** (hereinafter "**Gosal**"), by and through its attorneys, MARK K. WASVARY, P.C., CALLAHAN LAW, P.C. and LAW OFFICES OF AARON D. COX, PLLC, and this Complaint states as follows:

1. This action is brought to address the taking of private property by the Defendant, **36TH DISTRICT COURT**, a District Court for the State of Michigan (hereinafter **"36th DISTRICT"**) without just compensation.

2.     On August 8, 2020, then President Donald J. Trump, issued an "Executive Order on Fighting the Spread of COVID-19 by Providing Assistance to Renters and Homeowners." Among other things, the Executive Order directed the Secretary Health and Human Services and the Director of the CDC to consider whether a moratorium on evictions would help stem the spread of COVID-19.

3.     The result was an Order issued by the CDC that took effect on September 4, 2020, *85 Fed. Reg. 55292*. The Order imposed a nationwide ban on eviction of certain tenants until at least December 31, 2020, "unless modified or extended."

4.     Congress extended the CDC Moratorium from December 31, 2020, to January 31, 2021, through the Consolidated Appropriations Act, *Pub. L. 116 to 260, Section 502, 134 Stat. 1182* (2020).

5.     On January 29, 2021, just before the statutory extension lapsed, the CDC Director issued a new directive extending the Order through March 31, 2021. *86 Fed. Reg. 8020*

6.     On March 28, 2021, the CDC again extended the Order through June 30, 2021, *86 Fed. Reg. 16731*.

7.     On June 28, 2021, the CDC again extended the Order through July 31, 2021. *86 Fed. Reg. 340101*.

8.     The CDC Order did expire on July 31, 2021, however on August 3, 2021, the CDC again extended that Order through October 3, 2021.

9. On August 4, 2021, the Defendant, **36ᵀᴴ DISTRICT COURT**, issued a public announcement that "Effective immediately, no residential evictions will proceed for nonpayment of rent in the City of Detroit." **(See 36ᵗʰ DISTRICT COURT Announcement dated August 4, 2021, attached hereto as Exhibit A)**. Also on August 4, 2021, Defendant, **CHIEF JUDGE WILLIAM C. MCCONICO** (hereinafter **"JUDGE McCONICO"**) of the 36ᵀᴴ DISTRICT COURT sent an email to all Court Officers that conduct evictions in the City of Detroit that "Pursuant to the new CDC Order, you are hereby prohibited from conducting any evictions until further notice." **(See Exhibit B).**

10. On August 6, 2021, the Defendant, **36ᵀᴴ DISTRICT COURT**, published a second announcement which updated the August 4, 2021. In the second announcement the Court indicates "No residential evictions will proceed for nonpayment of rent in the City of Detroit when a CDC Declaration order has been provided by the tenant to the landlord as detailed in the CDC's August 3, 2021, order temporarily halting residential evictions in counties with heightened levels of COVID-19 community transmission. **(See Exhibit C)**

11. The updated announcement of August 6, 2021, seems to recognize that the CDC Order only pertains to qualifying tenants that actually signed a CDC Declaration in compliance with the CDC Order. However, the directive to the Bailiffs that execute evictions in the City of Detroit has not been withdrawn and until that notice is withdrawn the Bailiffs will not violate the directive of the Chief Judge, resulting in no evictions.

12. The District Court has also commenced to administratively adjourning all hearings pertaining to Orders of Eviction until after October 3, 2021, thereby prohibiting <u>any</u> Orders of Eviction from being entered, regardless of whether a tenant has sought protection under the CDC Order, and regardless of whether a tenant qualifies for protection under the CDC Order (i.e. termination of tenancy cases unrelated to rental payments).

13. The directive of the court that all evictions are halted constitutes a compensable taking of Plaintiffs' property and property rights without just compensation in violation of the Fifth Amendment of the United States Constitution. Specifically, the directive to ban all evictions constitutes a physical taking because it has effected a government authorized physical invasion, occupation, or appropriation of Plaintiffs' private property, for the Government itself or for third parties. The Constitution requires just compensation for the taking.

14. Plaintiffs seek just compensation for the depravation of their property rights and the value of the property taken by the Government. This includes the amount of rental income Plaintiffs would have received in the absence of the physical occupation and taking or exaction of their property and property rights as a result of the directives and actions of the 36th District Court.

15. The restriction on landlords in the City of Detroit is a taking of private property by the Government without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

16. Plaintiffs incorporate the preceding paragraphs as if more fully set forth herein.

17. Jurisdiction by this Court over Plaintiffs' constitutional claims is proper pursuant to 28 USC § 1343 and 28 USC § 1331.

18. To the extent necessary, supplemental jurisdiction over any state law claims is proper pursuant to 28 USC § 1367.

19. Venue is proper in this District pursuant to 28 USC § 1391 because this District is where the Defendants reside, where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred, and where a substantial part of all properties subject to the action are located.

20. As additional Class Plaintiffs are identified, this District will remain the most convenient venue in which all future cases can be considered and consolidated as necessary.

## PARTIES

21. Plaintiff, **JPA**, is a Michigan Limited Liability Company, and is the owner of 7474 Dolphin Street, Detroit, Michigan.

20. Plaintiff, **JPA** obtained a Judgement of Possession against the occupants of the Dolphin Street property on February 19, 2020, just prior to pandemic surge of COVID-19.

21. Finally, after over a year, the 36th District Court entered an Order of Eviction allowing JPA to take back its property on July 28, 2021.

20. One week later on August 4, 2021, the 36th District Court prohibited all court officers from executing Orders of Eviction which will result in JPA having to wait even longer to take back its property and either sell it or put a new occupant in the home that actually pays rent.

21. Plaintiff Gosal is the owner of residential real property located at 16862 Lenore, Detroit, Michigan.

22. On March 2, 2020 Gosal filed a Complaint for Termination of Tenancy in the 36th District Court. He was not seeking money, he just wanted his property back.

23. On March 12, 2020 a Judgment of Possession entered in favor of Gosal and the occupants of the Lenore home were ordered to vacate by March 23, 2020.

24. The occupants did not vacate and thereafter due to a shut downs created by the pandemic, Gosal was not able to seek an Order of Eviction.

25. On March 24, 2021 Gosal filed an Order of Eviction in the 36th District Court and a hearing in regard to the requested order was set for May 14, 2021.

26. On May 14, 2021 the district court refused to enter the Order of Eviction and the hearing was adjourned to June 11, 2021.

27. On June 11, 2021 the district court adjourned the hearing to July 16. 2021. The district court register of actions indicates that the court will sign the order, but it never did.

28. On July 16, 2021 the district court refused to enter the Order of Eviction and the hearing was adjourned to August 5, 2021.

29. On August 5, 2021 the district court refused to enter the Order of Eviction.

30. Defendant, **36TH DISTRICT COURT**, is a District Court in the State of Michigan organized pursuant to the Michigan Constitution and laws of the State of Michigan, and it is the Court that oversees Landlord/Tenant summary proceeding actions in the City of Detroit.

31. Defendant, **JUDGE McCONICO**, is the Chief Judge of Defendant, **36TH DISTRICT COURT**.

## FACTUAL ALLEGATIONS

32. Plaintiff incorporates all preceding paragraphs as if more fully set forth herein.

33. The Directive by Defendant, **JUDGE McCONICO**, to the 36th District Court officers that no evictions be executed until further notice resulted in a taking of Plaintiff's property.

34. The Directive to the Court Officers to not conduct any evictions is not publicly available.

35. An occupant of a rental property is not technically relieved from the legal and contractual duty to pay rent, but as a practical matter, a property owner has little ability to collect past due rent from a tenant with little money, or a tenant that simply moves out at the end of the moratorium, after occupying the property for months, free of charge.

36. The result of the ban on evictions is to keep a property owner from re-leasing the property to a new tenant, or from even selling the property as no reasonable person would purchase a property with occupants that are not obligated to pay rent.

37. The directive for no evictions is a Government authorized invasion, occupation, or appropriation of the property owner's property, contrary to their constitutional rights, and has resulted in a deprivation of property rights, including the fundamental right to exclude as well as contract rights including the contractual legal right of eviction.

38. Plaintiff, **JPA**, is the property owner of the Dolphin Street property.

39. JPA purchased the property at a tax foreclosure and shortly thereafter sought to take possession from the occupants.

40. On February 19, 2020, a Judgement of Possession entered in favor of Plaintiff, **JPA**, which would have allowed it possession if the occupants did not move out by March 2, 2020.

41. The occupants of the Dolphin Street property have failed to move. After almost a year and a half, an Order of Eviction was finally entered on July 28, 2021.

42. Plaintiff **Sobal** is the owner of property on Lenore Street in Detroit, Michigan.

43. On March 12, 2020 a Judgment of Possession entered in favor of Sobal, ordering the occupants to vacate the Lenore property no later than March 23, 2020.

44. The 36th District Court has failed/refused to restore the property to Sobal via an Order of Eviction.

45. Due to the directive of Defendant, **JUDGE McCONICO**, Chief Judge of the 36th District Court, **JPA** and **Sobal** will be without the ability to utilize their property or earn money from that property for an additional amount of time.

## COUNT I
## TAKING WITHOUT JUST COMPENSATION

46. Plaintiffs reallege and incorporate all allegations in the preceding paragraphs as though fully set forth herein.

47. The Takings Clause of the Fifth Amendment to the United States Constitution provides that no "private property [shall] be taken for public use, without just compensation." U.S. Const. Amend. V. The Fifth Amendment protects property owners from, and requires just compensation for physical takings, whether permanent or temporary.

48. Regardless of the goal, the Defendants' directives and actions are a taking that requires compensation.

49. Plaintiffs have valid, protected, and legally cognizable property interests and property rights in the rental properties they own and in the leases and other contracts

9

associated with those rental properties, including without limitation rights to exclude non-rent paying persons from their properties, to not permit the unwanted occupation of their properties, to recover possession of their property from unwanted occupation, to enforce their leases and contracts associated with their properties, and to lease such properties to rent-paying persons, including so that they can enjoy the full value of their property and to maintain a consistent stream of rent.

50. The directives and actions of Defendants constitutes a taking of Plaintiffs' private property and property rights for public use without just compensation, in violation of the Fifth Amendment.

51. Specifically, the directive to Court Officers to cease all evictions constitutes a compensable physical taking because it has effected a Government-authorized physical invasion, occupation, or appropriation of Plaintiffs' private property, for the Government itself or for third parties.

52. The Constitution requires just compensation for the taking.

53. The Government has not provided just compensation for the taking of Plaintiffs' property and property rights.

54. Plaintiffs are entitled to full and just compensation for the Government's taking of their property and property rights, including the fair rental value of the property taken. Specifically, and without limitation, Plaintiffs are entitled to recover from the Government as just compensation the amount of rental income Plaintiffs would have

received had they been able to lease their property, which is currently occupied over their objection by delinquent or non-rent paying individuals.

55. As a result of the Government's actions, Plaintiffs have actually, directly, and proximately been caused by the Government and have suffered harm, injury, and damages, and are entitled to recovery against the Government in an amount to be proven at trial.

## COUNT II
## WRIT OF MANDAMUS

56. Plaintiffs incorporate the preceding paragraphs as if more full set forth herein.

57. Defendants have a policy of no evictions for residential property that is not publicly available.

58. Defendants are administratively adjourning hearings on Orders of Eviction until after October 3, 2021 without any cause or justification, and Defendants are not even attempting to provide a cause, reason or justification.

59. Plaintiff are entitled by law to seek the remedy of eviction from the 36th District Court, and that right is being denied by non-public actions.

60. These non-public actions provide no remedy of appeal or other adequate means to attain relief.

61. Michigan law dictates that a court entering a judgment of possession in a summary proceeding <u>shall</u> issue a writ commanding a court officer to restore the property to the Plaintiff. MCL 600.5744. (Emphasis added)

62. Plaintiffs right to an issuance of a writ of mandamus is clear and indisputable.

11

63. A writ of mandamus compelling the 36th District Court to issue Orders of Eviction in compliance with law is appropriate under the circumstances.

## CLASS ACTION ALLEGATIONS

64. Plaintiffs incorporate the preceding paragraphs as if more fully set forth herein.

65. Plaintiffs and putative class members have suffered and continue to suffer similar harm due to having their property taken by the Government without just compensation.

66. <u>Class Definition.</u> Plaintiffs seek to certify the following class:

> All persons and entities who currently own or at one time owned any residential real property in the City of Detroit, Michigan, with a duly entered Judgment of Possession who/which has sought an Order of Eviction from the 36th District Court or already had an Order of Eviction entered, from August 4, 2021 to the date of final judgment in this matter;

67. <u>Numerosity</u>. The proposed classes are so numerous that joinder of all members is impracticable. While the exact number of class members is not now known, Plaintiffs believe the class number is in excess of 100 members. These members may be readily identified from 36th District Court records.

68. <u>Commonality.</u> There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

69. Among the questions of law or fact common to the class are the following:

a) Did the directive to halt all evictions constitute a taking without just

12

compensation?

  b) Is the refusal to hold hearings related to Orders of Eviction constitute a taking without just compensation in violation of the United States Constitution.

70. <u>Typicality.</u>  The harm suffered by Plaintiffs is typical of the harm suffered by other class members differing only in amount.  Accordingly, the claims of Plaintiffs are the same as those of the other class members.  Resolution of these common questions will determine the liability of the Defendants to Plaintiffs and the class members in general. Thus, the claims properly form the basis for class treatment in this case.

71. Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and all Defendants.

72. <u>Adequacy of Representation.</u>  The represented parties will fairly and adequately assert and protect the interest of the class.  Plaintiff has already demonstrated its willingness to pursue this litigation on their its own behalf, and has no known conflicts with the class members.

73. Plaintiff's counsel will also fairly and adequately represent the interest of the class. Attorney Mark K. Wasvary is well versed in the facts and substantive law underlying the Plaintiff's claims and has previously been certified to represent a class in multiple class actions in both State and Federal Court. Likewise, The Law Offices of Aaron D. Cox, PLLC is well versed in the facts and substantive law underlying the Plaintiff's claims and

has been certified as class counsel in multiple class action lawsuits. Attorney Kevin Callahan has represented named Plaintiffs herein for years and has been involved with hundreds or more landlord tenant proceedings in the 36th District Court and is well-versed in the facts of this matter. Mark K. Wasvary and Aaron D. Cox have extensive experience in lawsuits against government entities involving constitutional issues.

74. This class action is maintainable under Federal Rule of Civil Procedure 23(b).

75. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

    a) The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

    b) The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

76. The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory and monetary relief is appropriate respecting the class as a whole. Specifically, Defendants continue to avoid either entering Orders of Eviction through adjournments, administrative or otherwise, and via a total ban on any evictions at the directive of the Chief Judge, William McConico.

77. The questions of law or fact common to class members predominate over any questions affecting only individual members, and as such a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

78. The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions in various forums and venues.

79. In view of the complexity and importance of the constitutional issues and expense of the litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

80. It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

81. The class action is the appropriate method for the fair and efficient adjudication of the controversy. The legal and factual bases for the Plaintiffs' claims are the same as for the claims of all class members. The only difference between individual claims is the severity of the harm and resulting damages. Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases (perhaps thousands) turning on the same questions of law and fact. The class action will also provide the Plaintiffs with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the

claims.  Further, the class action will save the Defendants the burden of defending multiple suits in multiple forums.

WHEREFORE, Plaintiffs, on behalf themselves and others similarly situated request the following relief;

A. That this action be determined to be maintained as a class action.

B. That Plaintiffs, **JPA** and **Sobal**, be appointed Class Representatives and their counsel be appointed as Class Counsel.

C. An award of damages pursuant to 43 USC §1983, or on other grounds, including applicable interest, in an amount to be determined at trial;

D. An award of costs of this suit, including reasonable attorney fees, as provided by 42 USC §1988;

E. An award of an incentive fee to the named Plaintiffs for having the courage to challenge the actions of the Defendants;

F. Any immediate injunctive or other orders compelling the 36th District Court t enter Orders of Eviction in compliance with the law.

G. A Writ of Mandamus compelling the 36th District Court to enter Orders of Eviction in summary proceedings actions where a judgment of possession has been entered and in compliance with Michigan law.

H. Such other and different relief as is just and equitable.

Respectfully submitted,

THE LAW OFFICES OF AARON D. COX, PLLC

By: /s/ Aaron D. Cox
AARON D. COX P69346
Co-Counsel for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
(734) 287-3665

        MARK K. WASVARY, P.C.

        By:   /s/ Mark K. Wasvary
                  Mark K. Wasvary, P.C.
                  Co-Counsel for Plaintiffs
                  2401 W. Big Beaver Rd., Suite 100
                  Troy, MI 48084
                  (248) 649-5667

        CALLAHAN LAW. PC

        By:   /s/ Kevin J. Callahan P78273
                  Callahan Law, PC
                  Co-Counsel for Plaintiffs
                  25600 Woodward Ave, Ste 214
                  Royal Oak, MI 48067
                  (313) 989-0003

Dated: August 15, 2021