UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JPA HOLDINGS, LLC, a Michigan       Case No.: 21-cv-11884
Limited Liability Company, and       Hon. Matthew F. Leitman
SANDEEP GOSAL, on behalf of themselves
and other similarly situated,

      Plaintiffs,

v

THE 36TH DISTRICT COURT,
a District Court for the State of Michigan,
and HONORABLE WILLIAM C. McCONICO,
in his capacity as Chief Judge of the 36th District Court,

      Defendants.

---

## DEFENDANTS' MOTION TO DISMISS THE CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND (6)

In lieu of an answer to the Amended Complaint, Defendants 36th District Court and Hon. William C. McConico, through their counsel, file this Motion to Dismiss pursuant to Fed. R. C. P. 12(b)(1) and (6) for the reasons stated in the accompanying Brief. Defendants assert Eleventh Amendment Immunity, Rooker-Feldman, the *Younger* Abstention Doctrine, Absolute Judicial Immunity, Qualified Immunity, Mootness and Ripeness dismissing all counts.

Per Local Rule 7.1, Defendant sought concurrence in the relief requested in this motion during a telephone conference held on October 28, 2021, but Plaintiffs'

concurrence was not forthcoming.  Defendants respectfully request that this Court

dismiss this lawsuit, dismiss for lack of jurisdiction, grant applicable immunity,

grant Defendants' attorneys fees pursuant to 42 USC § 1988(b), and any other

appropriate relief.

Respectfully submitted,

ALLEN BROTHERS, PLLC

By:     */s/ Lindsey R. Johnson*
        James P. Allen, Sr. (P52885)
        Lindsey R. Johnson (P67081)
        Attorneys for Defendant 36th DC
        400 Monroe, Ste. 620
        Detroit, MI 48226
Dated: October 29, 2021                    (313) 962-7777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JPA HOLDINGS, LLC, a Michigan            Case No.: 21-cv-11884
Limited Liability Company, and           Hon. Matthew F. Leitman
SANDEEP GOSAL, on behalf of themselves
and other similarly situated,

      Plaintiffs,

v

THE 36TH DISTRICT COURT,
a District Court for the State of Michigan,
and HONORABLE WILLIAM C. McCONICO,
in his capacity as Chief Judge of the 36th District Court,

      Defendants.

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND (6)

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF ISSUES PRESENTED ............................................ ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iii

INDEX OF AUTHORITIES.................................................................................iv-v

I.      INTRODUCTION ..........................................................................................1

II.     STATEMENT OF FACTS .............................................................................2

   A. Federal Eviction Moratoriums in Response to COVID-19 Pandemic .............2

   B. 36th District Court Matters ..............................................................................3

III.    LEGAL STANDARDS ..................................................................................6

IV.     ARGUMENTS ...............................................................................................7

   A. Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. 7

     1. Defendants have Eleventh Amendment Immunity which results in dismissal of all counts. ...........................................................................................7

     2. Plaintiffs lack standing for prospective relief from the 36th District Court and/or its Chief Judge. .................................................................................9

   B. Alternatively, this court should abstain from exercising jurisdiction that would interfere with the proper functioning of a state court. ...............................11

   C. Alternatively, the Fifth Amendment Claim is not ripe and should be dismissed as to all Defendants. ...................................................................................15

   D. Alternatively, Plaintiffs' claims for prospective injunctive relief fail on mootness grounds.................................................................................................17

   E. Plaintiffs' claims are barred against Defendant Chief Judge by absolute judicial immunity. ..............................................................................................18

   F. In the alternative, the Chief Judge's actions are barred under qualified immunity. ...........................................................................................................20

CONCLUSION AND RELIEF REQUESTED ......................................................22

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.)     Do the Defendants have immunity under the Eleventh Amendment resulting in dismissal of all federal claims?

2.)     Do Plaintiffs lack standing for prospective relief from the 36th District Court and/or its Chief Judge?

3.)     Should this court abstain from exercising jurisdiction that would interfere with the proper functioning of a state court?

4.)     Should Plaintiff's Fifth Amendment Taking Claim be dismissed as it not ripe since they have not availed themselves of State remedies?

5.)     Should Plaintiffs' claims be dismissed for mootness following the Supreme Court decision striking the CDC Moratorium and the 36th District Court resuming non-payment of rent evictions pursuant to State Court administrative orders, court rules and statutes?

6.)     Are Plaintiff's claims against the 36th District Court Judge barred by absolute judicial immunity?

7.)     Are Plaintiff's claims against the 36th District Court Judge barred by qualified immunity?

Defendants answer all questions: Yes.
Plaintiffs likely answer all questions: No.
This Court should answer all questions: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Ala Ass'n of Realtors v HHS,* 210 L Ed 2d 856

*City of Los Angeles v Lyons*, 461 US 95 (1983)

*Pucci v 19th Dist Ct*, 628 F3d 752 (6th Cir 2010)

*Will v Michigan Dep't of State Police*, 491 US 58 (1989)

*Verizon Md Inc v Pub Serv Comm'n of Md*, 535 US 635, 645 (2002)

*Edelman v Jordan*, 415 US 651, 673 (1974)

*Younger v Harris*, 401 US 37 (1971)

*Winget v JP Morgan Chase Bank, NA*


86 Fed Reg 8020 16731, 34010

86 Fed Reg 43244


Michigan State Court Administrator's Office AO No. 2020-17

# INDEX OF AUTHORITIES

**Cases**

*Ala. Ass'n of Realtors v. HHS* ................................................................. 4, 17, 18, 20

*Amini v. Oberlin Coll*, 259 F3d 493, 502 (6th Cir 2001) ............................................4

*Arizonans for Official English v. Arizona*, 520 US 43, 68, n.22 (1997) .................17

*Arnett v. Myers*, 281 F3d 552, 562 (6th Cir 2002) .......................................... 14, 15

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ..6

*Barachkov v. 41B Dist Ct*, 311 F App'x 863, 866-67 (6th Cir 2009) .......................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.
 2d 929 (2007) ...........................................................................................................6

*Bell v. Hood*, 327 US 678, 682 (1946) .......................................................................6

*Brookings v. Clunk*, 389 F.3d 614 (6th Cir. 2004) ..................................................18

*City of Los Angeles v. Lyons*, 461 US 95 (1983) .......................................................9

*Coleman v. Governor of Michigan,* 413 F. App'x 866 (6th Cir. 2011) ...................19

*Coles v. Granville,* 448 F3d 853, 860-61 (6th Cir 2006)..........................................16

*County of Los Angeles v. Davis*, 440 US 625, 631 (1979) .......................................17

*CSXT, Inc v. Pitz*, 883 F2d 468, 474 (6th Cir 1989)................................................11

*DeFunis v. Odegaard*, 416 US 312 (1974) ..............................................................17

*DLX, Inc, v. Kentucky*, 381 F3d 511, 518 (6th Cir 2004) .......................................15

*Edelman v. Jordan*, 415 US 651, 673 (1974) .............................................................7

*Ferritto v. Ohio Dep't. of Highway Safety*, 928 F.2d 404 (table), 1991 US App
 LEXIS 4709 at *5 (6th Cir. Mar 19, 1991)..............................................................9

*Foster v. Walsh*, 864 F2d 416 (6th Cir 1988) ............................................................8

*Green v. Mansour*, 474 US 64, 73 (1985) ................................................................10

*Greenberg v. Life Ins. Co. of Va*., 177 F.3d 507, 514 (6th Cir. 1999).....................7

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ....................................................19

*Harrison v. Mich*, 722 F3d 768, 771 (6th Cir 2013).................................................7

*Hurlburt v. Graham*, 323 F.2d 723 (6th Cir. 1963) ................................................18

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 US 261, 296 (1997)...........................10

*Judicial Attorneys Ass'n v. State*, 459 Mich 291 (1998) ..........................................9

*Lawrence v. Welch*, 531 F.3d 364 (6th Cir. 2008)...................................................19

*Leech v. DeWeese,*
 689 F.3d 538 (6th Cir. 2012) ................................................................................18

*Merkur Steel Supply Inc v City of Detroit,* 261 Mich. App. 116 (2004) ................16

*Middlesex County Ethics Comm v Garden State Bar Ass'n*, 457 US 423, 432
 (1982) .....................................................................................................................11

*Mireles v. Waco*, 502 U.S. 9 (1991)........................................................................18

*Mumford v Basinski*, 05 F3d 264, 268 (6th Cir, 1997)............................................8

*Norfleet v. Renner*, 924 F.3d 317 (6th Cir. 2019)....................................................18

*Pennhurst State Scl & Hosp v Halderman*, 465 US 89, 101, 120-121 (1984) .........8

*Pucci v 19th Dist Ct*, 628 F3d 752 (6th Cir 2010)....................................................8

*Quern v Jordan*, 440 US 332, 342 (1979) ...............................................................7

*SEC v  Medical Comm For Human Rights*, 404 US 403 (1972)............................17

*Seminole Tribe of Fl v Fl*, 517 US 44, 54-55 (1996)..................................................7

*Stump v. Sparkman*, 435 U.S. 349 (1978)..............................................................18

*United States v Ritchie*, 15 F3d 592, 598 (6th Cir 1994).........................................6

*Verizon Md Inc v Pub Serv Comm'n of Md*, 535 US. 635, 645 (2002)..................10

*Will v Mich Dept of State Police*, 491 US 58, 71 (1989)...........................................8

*Williamson County Regional Planning Commission v Hamilton Bank of Johnson City* ......................................................................................................... 15, 16

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ..........7

*Younger v Harris*, 401 US 37 (1971)......................................................................11

## Other Authorities

210 L Ed 2d 856.........................................................................................................4

85 Fed Reg 55292 (2020) ..........................................................................................2

86 Fed Reg 43244 ......................................................................................................3

86 Fed Reg 8020 16731, 34010 .................................................................................3

Admin Ord No 2020-17 .............................................................. 11, 12, 14, 20

Pub L 116-260, § 502, 134 Stat 2078-2079 ...............................................................2

Pub L. 116-136 § 4024 at 492-494. ...........................................................................2

## Rules

42 U.S.C. § 1981 ........................................................................................................7

42 U.S.C. § 1983 ........................................................................................................9

Rule 12(b)(1).............................................................................................................6

## Constitutional Provisions

*Mich. Const. Art 10, § 2* ..........................................................................................16

Mich. Constitution Art VI, § 1 ..................................................................................9

US Cons Art III § 2 ..................................................................................................16

## I.  INTRODUCTION

Plaintiffs, JPA Holdings, LLC ("JPA Holdings") and Sandeep Gosal ("Gosal"), landlords with properties located in the City of Detroit filed this class action lawsuit seeking declaratory relief and monetary damages against the 36th District Court ("Defendant Court" or "36th District Court") and its Chief Judge Hon. William C. McConico ("Chief Judge"), for a Fifth Amendment takings claim associated with an August 4, 2021 notification to court officers to hold-off on all evictions per a CDC moratorium (ECF No. 1-2, PageID.21), which was later clarified on August 6, 2021 by a subsequent 36th District Court announcement explaining the Centers for Disease Control ("CDC") moratorium on certain evictions (ECF No. 1-3, PageID.23).  Yet, applying even the most liberal pleading standards, this Complaint collapses under the weight of applicable immunities. Further, Plaintiffs have received orders of eviction[1] and 36th District Court has no order prohibiting evictions. The Court has fully complied with the August 26, 2021, United States Supreme Court decision of *Ala. Ass'n of Realtors v HHS*, 210 L Ed 2d 856 which found that the CDC exceeded its authority when issuing the nationwide moratorium. In short, no actual live controversy exists for this Court to adjudicate.

While this Motion cannot address the veracity of Plaintiffs' statements, such scrutiny is unwarranted as the allegations, even if believed, do not amount to

---

[1] (**Ex. A and C**, executed orders of eviction).

actionable conduct.  The 36th District Court lawfully abided by the CDC Eviction Moratorium and Michigan State Supreme Court Administrative Ordinance No. 2020-17 until the above decision from the Supreme Court of the United States effectively invalidated them. Further, as outlined below, Plaintiffs' claims should be dismissed based on applicable immunities, lack of ripeness, and in the alternative, mootness grounds.

## II.  STATEMENT OF FACTS

### A. Federal Eviction Moratoriums in Response to COVID-19 Pandemic

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES"), which created a residential eviction moratorium that prohibited landlords from forcibly evicting a tenant until 30 days after the expiration of the moratorium (August 23, 2020).[2]  On September 4, 2020, the CDC imposed a nationwide temporary federal moratorium on residential evictions for nonpayment of rent through December 31, 2020.[3]  The stated purpose of the order was to prevent further spread of COVID-19, specifically by preventing homelessness and overcrowded housing conditions resulting from eviction. *Id*. Congress extended the CDC's moratorium one month as part of the second COVID-19 Relief Act.[4]

---

[2] Pub L 116-136 § 4024 at 492-494.
[3] 85 Fed Reg 55292 (2020).
[4] Pub L 116-260, § 502, 134 Stat 2078-2079.

The CDC extended the nationwide moratorium through March 2021, then June 2021, and through July 2021.[5] The moratorium expired on July 31, 2021. Three days later, the CDC reimposed the eviction moratorium.[6]

### B.      36th District Court Matters

On August 4, 2021, the 36th District Court Chief Judge entered an order prohibiting evictions until further notice due to the CDC Moratorium.  (ECF No. 1-2, PageID.21) Within 48 hours, August 6, 2021, the 36th District Court issued an announcement to the public clarifying for landlords/tenants/court officers that, in accordance with the CDC's August 3, 2021 Moratorium, no residential evictions would proceed for non-payment of rent in Detroit where tenants provided their landlords with signed CDC Declaration. (ECF No. 1-3, PageID.23). On August 15, 2021, Plaintiffs JPA Holdings and Gosal filed this Fifth Amendment takings lawsuit against the 36th District Court and Hon. McConico (ECF No. 1, PageID.1-23) requesting, *inter alia,* that this Court enter an order compelling the 36th District Court to enter order of evictions for non-payment of rent (all others had resumed). (ECF No. 1, PageID.16).  However, weeks earlier, on July 28, 2021, the 36th District Court

---

[5] 86 Fed Reg 8020 16731, 34010.
[6] 86 Fed Reg 43244.

entered an order of eviction for JPA Holdings. (**Ex. A**, JPA Holdings Order of Eviction). [7]

On August 26, 2021, the United States Supreme Court issued the decision of *Ala. Ass'n of Realtors v HHS*,[8] which found that the CDC exceeded its authority when issuing the nationwide moratorium. Following the Supreme Court decision (which allowed for a 30-day grace period before landlords could resume evictions), 36th District Court resumed hearing residential evictions for non-payment of rent. (**Ex. B**, August 27, 2021 public records).

On October 7, 2021, 36th District Court Judge A. Jones-Coleman entered the order of eviction in favor of Defendant Gosal. (**Ex. C**, Gosal Order of Eviction). Shortly thereafter, on October 13, 2021, Plaintiffs' attorney, Aaron Cox, on behalf of a possible class member in the subject class action lawsuit, *In re Steve Rosman*, filed a complaint seeking superintending control in Wayne County Circuit Court of a landlord/tenant matter 21-349274-LT,[9] demanding that the Wayne County Circuit Court issues an order declaring that:

1.)   the 36th District Court's practice of adjourning summary proceedings cases in excess of 56 days violates the Michigan Court Rules and Summary Proceedings Act, and AO 2020-17.

---

[7] When considering a 12(b)(6) motion, the court may review *allegations in the complaint*, matters of *public record*, *orders*, *items* appearing in the *record* of the case, and exhibits attached. *Amini v. Oberlin Coll*, 259 F3d 493, 502 (6th Cir 2001).
[8] 210 L Ed 2d 856.
[9] **Ex. D**, Superintending Control Complaint.

2.)    any adjournments of summary proceeds over seven (7) days (MCL 600.5735) may only be ordered upon a showing of actual good cause.

3)    Inunction and/or Writ of Superintending Control mandating that the 36h District Court shall strictly comply with the time requirements for deciding to finality all summary proceeding cases filed in accordance with MCR 4.201 (J) and MCR 4.201 (J) and MCL 600.5735.

4)    Award plaintiff's costs and attorney's fees.

Less than a week after serving this superintending control complaint on the 36th District Court, Rosman, through Attorney Aaron Cox, dismissed the eviction lawsuit altogether during the October 21, 2001 hearing.[10] Dismissal of the eviction was not surprising in light of the record before the 36th District Court wherein there was a dispute regarding ownership of the property, which was disputed by a tenant that repeatedly appeared at hearings disputing the eviction[11] – although the superintending control pleading conspicuously omits these critical facts in what appears a transparent attempt to argue that the Court is engaged in a *de facto* moratorium.[12] As of the filing of this Motion, Plaintiffs' attorney Aaron Cox has not withdrawn the Superintending Control Complaint.

---

[10] **Ex. E**, Rossman 36th District Court Dismissal Order.
[11] **Ex. F**, August 3, 2021 Hearing Transcript; **Ex. G**, September 8, 2021 Hearing Transcript.
[12] **Ex. D**.

5

### III.     LEGAL STANDARDS

A motion under Rule 12(b)(1) seeks to dismiss a complaint for lack of proper subject matter jurisdiction. Proper jurisdiction is a requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered by a court prior to any other challenges. *Bell v Hood*, 327 US 678, 682 (1946). Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *United States v Ritchie*, 15 F3d 592, 598 (6th Cir 1994). A facial attack challenges the sufficiency of the pleading itself. *Id*. During a facial attack, the court must treat all material allegations in the complaint as true and in the light most favorable to the non-moving party, while a factual attack, challenges the factual existence of subject matter jurisdiction. *Id*. "On such a motion, no presumptive of truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

A motion under 12(b)(6) tests the legal sufficiency of the complaint. As the Supreme Court provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v Iqbal*, 556 US 662 (2009) (quoting *Bell Atl Corp v Twombly*, 550 US 544, 570, (2007)). "Determining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.[13]

## IV.    ARGUMENTS

### A. Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

#### 1. Defendants have Eleventh Amendment Immunity which results in dismissal of all counts.

The Eleventh Amendment bars claims against a State and its agencies unless the State unequivocally consents to suit in federal court, or Congress expressly waives it. *Edelman v Jordan*, 415 US 651, 673 (1974); *Seminole Tribe of Fl v Fl*, 517 US 44, 54-55 (1996); *Harrison v Mich*, 722 F3d 768, 771 (6th Cir 2013). The State has not consented to suit in federal court under 42 USC §§ 1981, 1983 or 1985, nor any supplemental state law theory. Similarly, Congress has not expressly waived this jurisdictional immunity, defined as an "unequivocal expression of Congressional intent." *Quern v Jordan*, 440 US 332, 342 (1979). This immunity applies to the State and its agencies whatever the nature of the relief that is requested, including supplemental state law claims. *Pennhurst State Scl & Hosp v Halderman*, 465 US

---

[13] When reviewing a Rule 12(b)(6) motion courts may consider public records, including judicial proceedings, without converting the motion to one for summary judgment. *Winget v JP Morgan Chase Bank, NA*, 537 F3d 565, 576 (6th Cir 2008). The Court may consider the pleadings, exhibits and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v Life Ins Co of Va*, 177 F3d 507, 514 (6th Cir 1999).

89, 101, 120-121 (1984).  "This immunity flows from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments to the United States Constitution and applies to claims against a State by citizens of the same State, claims against a State by citizens of another State, and actions against state officials sued in their official capacity for money damages." *Barachkov v 41B Dist Ct*, 311 F App'x 863, 866-67 (6th Cir 2009).

Defendant 36th District Court is an "arm of the State" for purposes of Eleventh Amendment Immunity. *Pucci v 19th Dist Ct*, 628 F3d 752 (6th Cir 2010).  In *Pucci*, the Court addressed whether Michigan's 19th District Court and its chief judge should receive Eleventh Amendment sovereign immunity from a former deputy court administrator's § 1983 action alleging her termination violated the First and Fourteenth Amendments. *Pucci*, 628 F3d at 755-56. Applying the four context-specific factors for sovereign immunity, the Sixth Circuit held "Michigan's district courts, including the 19th District Court, are arms of the state [as opposed to political subdivisions] for sovereign-immunity purposes." *Id*. at 760-62. In addition, the Supreme Court held that a State acting in its official capacity is not a "person" under § 1983. *Will v Mich Dept of State Police*, 491 US 58, 71 (1989).  *Mumford v Basinski*, 105 F3d 264, 268 (6th Cir, 1997); *Foster v Walsh*, 864 F2d 416 (6th Cir 1988).

Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. See *Judicial Attorneys Ass'n v State*, 459 Mich 291

(1998). Defendant 36th District Court is part of the "one court of justice" established by the Mich. Constitution Art VI, § 1. ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house").

Eleventh Amendment immunity also applies to Chief Judge McConico.  The crux of Plaintiff's lawsuit against the Chief Judge is based on actions he took against them while performing duties in his official capacity as a 36th District Court Chief Judge.  As such, Chief Judge McConico enjoys Eleventh Amendment immunity which precludes Plaintiffs' claims under 42 USC § 1983 against Judge McConico. *See Ferritto v. Ohio Dep't. of Highway Safety*, 928 F.2d 404 (table), 1991 US App LEXIS 4709 at *5 (6th Cir. Mar 19, 1991) (**Ex. H**) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983....")

### 2. Plaintiffs lack standing for prospective relief from the 36th District Court and/or its Chief Judge.

Plaintiffs do not meet the stringent and specific standing doctrine the Supreme Court imposes on § 1983 cases seeking prospective injunctive relief as espoused in *City of Los Angeles v Lyons*, 461 US 95 (1983).  In *Lyons*, the Supreme Court held that, to have standing for prospective relief, one must demonstrate a sufficient likelihood that he or someone similarly situated to him, would likely be subjected to

the same allegedly unconstitutional actions. As such, Plaintiff must demonstrate similarly situated persons in the future would be subject to the "unconstitutional behavior" by the 36th District Court. However, the likelihood of such an action occurring is nil as only certain residential evictions were halted during the CDC moratorium, which is no longer in effect and which 36th District Court stopped enforcing.[14]

*Ex parte Young* similarly provides no authority for prospective relief against the Defendants and/or current Chief Judge. 209 US 123 (1908). *Ex parte Young* permits prospective relief against a state official (official capacity) to prevent future federal constitutional or federal statutory violations. But, to determine whether a plaintiff has alleged an *Ex parte Young* claim, the federal court need only inquire into "whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md Inc v Pub Serv Comm'n of Md*, 535 US 635, 645 (2002) (quoting *Idaho v Coeur d'Alene Tribe of Idaho*, 521 US 261, 296 (1997) (O'Connor, J., concurring)). Hence, declaratory relief is only

---

[14] **Ex. I**, Sampling of 36th District Court orders of evictions for non-payment of rent in past 30 days (61 orders of eviction). Specifically, during the last 30 days approximately 246 orders of eviction of non-payment of rent were entered in the 36th District Court, but were not all attached to this Motion due to the volume. However, all 246 orders can be produced to the Court at its direction. Notably, during that 30 day period the 36th District Court also entered 224 termination of tenancy eviction orders, 23 money judgment eviction orders, 22 land contract eviction orders and 10 health hazard eviction orders.

allowed when there are ongoing or threatened violations of federal law. *Green v Mansour*, 474 US 64, 73 (1985).  Here, as detailed above, 36th District Court, in accordance with the U.S. Supreme Court's recent decision to overturn the eviction moratorium, has resumed its landlord-tenant docket (albeit with a backlog) and evictions have resumed.[15] There is, therefore, virtually no likelihood that the alleged wrongdoing could repeat to the degree of certainty required for prospective injunctive relief.

### B. Alternatively, this court should abstain from exercising jurisdiction that would interfere with the proper functioning of a state court.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. Abstention pursuant to the judicially-crafted rule announced in *Younger v Harris*, 401 US 37 (1971), is appropriate where a court can answer all three of the following questions in the affirmative: (1) the relevant State proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important State interests; and (3) there is an adequate opportunity in the State proceedings to raise constitutional challenges. *CSXT, Inc v Pitz*, 883 F2d 468, 474 (6th Cir 1989) (citing *Middlesex County Ethics Comm v Garden State Bar Ass'n*, 457 US 423, 432 (1982)). Abstention is mandated whether the state court proceeding is criminal, quasi-

---

[15] **Ex. D**.

criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 US at 44.

Here, the Michigan State Court Administrator's Office issued AO No. 2020-17 – Continuation of Alternative Procedures for Landlord/Tenant Cases, which was entered on June 9, 2020 and has been amended as recently July 26, 2021 (a little more than 2 weeks before this class action was filed) and pertinent parts are as follows (hereinafter known as "Admin Ord No 2020-17")[16]:

> [T]he [Michigan Supreme] Court adopts this administrative order under 1963 Cont, Art VI, Sec 4, which provides for the Supreme Court's general superintending control over all state court, directing court to process landlord/tenant cases following the procedures outlined in this order.

> (A)   All local administrative order requiring a written answer pursuant to MCL 600.5735(4) are temporarily suspended.  Unless otherwise provided by the order, a court must comply with MCR 4.201 with regard to summary proceedings.

> (B)   At the initial hearing noticed by the summons, the court must conduct a pretrial hearing consistent with SCAO guidance.

> …

> (D)   Courts are authorized to proceed with these actions by way of remote participation tools and encouraged to do so to the greatest extent possible.  The court scheduling a remote hearing must "verify that all participants are able to proceed in this matter."  Therefore, the summon for each case filed under the Summary Proceedings Act must provide the date and time for remote participation in the scheduled hearing, if applicable.  In addition, the summons must be accompanied by any written information about the availability of counsel and housing

---

[16] **Ex. J**, Admin Ord No 2020-17.

assistance information as provided by legal aid or local funding agencies. **If a remote hearing is scheduled for the first proceedings, the defendant received personal service pursuant to MCR 2.105(A). and the defendant fails to appear, a default may enter. If a remote hearing is scheduled for the first proceedings and the defendant fails to appear and has not been served under MCR 2.105(A), the court may not enter a default but must reschedule the hearing and mail notice for that rescheduled hearing as an in-person proceeding**. Under these conditions, a notice of rescheduled hearing mailed by the court within 24 hours after the initial hearing date is sufficient notice of the rescheduled hearing, notwithstanding any other court rule. Other parties or participants may proceed remotely.

(E)     Except as provided below, all Summary Proceeding Act cases must be adjourned for seven days after the pretrial hearing in subsection (B) is conducted. **Nothing in this order limits the statutory authority of a judge to adjourn for a longer period. MCL 600.5732.** Any party who does not appear at the hearing scheduled for the adjourned date will be defaulted. Cases need not be adjourned for seven days if: the plaintiff dismisses the complaint, with or without prejudice, and without any conditions, if defendant was personally served under MCR 2.105(A) and fails to appear, or where both plaintiff and defendant are represented by counsel and a consent judgment or conditional dismissal is filed with the court. Where plaintiff and defendant are represented by counsel, the parties may submit a conditional dismissal or consent judgment is lieu of appearing personally at the second hearing.

(F)     The court may require remote participation in the second, and any subsequent, proceeding, and the court must verify that participants are able to proceed in that matter.

(G)     In cases filed pursuant to MCL 600.5714(1)(a) for nonpayment of rent, a court must stay further proceedings after the pretrial hearing is conducted and not proceed to judgment if a defendant applies for COVID Emergency Rental Assistance (CERA) and notifies the court of the application. The stay is contingent upon the following events:

(1)     An eligibility determination is made by the appropriate HARA within 30 days of the pretrial hearing;

13

(2)    The defendant is eligible to receive rental assistance for all rent owed; and

(3)    The plaintiff received full payment from the CERA program within 45 days of the pretrial hearing.

If any of these events do not occur, excluding delays attributable to the plaintiff, the court must lift the stay and continue with proceedings. **Nothing in the order limits the statutory authority of a judge to adjourn a Summary Proceedings case. MCL 600.5732.**[17]

The Admin Ord No 2020-17 reveals that the State of Michigan via its legislature and its Supreme Court have made it a priority to work with Michigan landlords and tenants to mitigate the effects of the pandemic in a manner that both promotes the public health and ensures that all parties receive due process. As with many governmental functions, the state has made adjustments to the manner in which it provides judicial services that accounts for realities of the pandemic. The continued amendments to Admin Ord No 2020-17 and the commitment to work with state court stakeholders qualifies as a legitimate activity of the state, one that is best handled by the state court's own judges, who, unlike this Court, have personal knowledge of the local situation, the various interests at stake, the strain being placed on the Court's docket arising from the pandemic and especially the applicable limitations in judicial resources.

---

[17] Admin Ord No 2020-17. (*Emphasis added*).

**C. Alternatively, the Fifth Amendment Claim is not ripe and should be dismissed as to all Defendants.**

Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions." *Arnett v Myers*, 281 F3d 552, 562 (6th Cir 2002) (internal citation omitted). Therefore, federal courts must dismiss claims that are unripe. *Id.* (internal quotation and citation omitted).

In *Williamson County Regional Planning Commission v Hamilton Bank of Johnson City,* the Supreme Court concluded that a *Fifth Amendment takings* claim is not ripe if: (1) the initial decisionmaker has not issued its final decision, or (2) the property owner has not sought compensation through procedures established by a state. 473 US 172, 190-94 (1985); *see also DLX, Inc, v Kentucky*, 381 F3d 511, 518 (6th Cir 2004). Where the government's action constitutes a "physical" as opposed to a "regulatory" taking, the finality requirement will likely be satisfied; but an aggrieved landowner still must seek compensation before her claim will be ripe. *See Arnett,* 281 F3d at 563-64 (concluding that agency's physical taking constituted its final, definitive position, but analyzing whether Tennessee had an adequate remedy available to seek compensation).[18]

---

[18] It is also important to note that the proposed class can seek compensation from the Michigan COVID Emergency Rental Assistance ("CERA") Program.  The CERA program is the use of federal funds appropriated by the State's legislature to help

Here, "[t]he *Fifth Amendment* does not proscribe the taking of property; it proscribes taking without just compensation," *Williamson,* 473 US at 194 (internal citation omitted). Thus, where a state provides a "reasonable, certain, and adequate" avenue for obtaining compensation for a governmental taking of an individual's property, no *takings* claim exists until the aggrieved party has sought, and been denied, just compensation through available remedies. *Id.* at 194-95 (citation omitted); *see also Coles v Granville,* 448 F3d 853, 860-61 (6th Cir 2006).

The Michigan Constitution provides an inverse condemnation remedy for all property owners whose property is taken for public use. *Mich Const Art 10, § 2.* Property owners may seek compensation for a taking by filing an action for inverse condemnation. *See, Merkur Steel Supply Inc v City of Detroit,* 261 Mich. App. 116 (2004). Based on the foregoing, Plaintiffs' claims as alleged in the Complaint are not ripe and should be dismissed against all Defendants.

---

renters who have fallen behind on their payments because of COVID-19 and their landlords who want to recoup missed payments. Michigan tenants making up to 100% of area median income are eligible for the rental assistance. Participating landlords can receive up to 90% of a tenant's unpaid rent in one lump sum. MSHDA - COVID Emergency Rental Assistance (CERA) (michigan.gov)

### D. Alternatively, Plaintiffs' claims for prospective injunctive relief fail on mootness grounds.

Article III of the United States Constitution limits the power of federal courts to "[c]ases" and "[c]ontroversies." US Cons Art III § 2.  The United States Supreme Court has noted that the doctrine of mootness requires that the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v Arizona*, 520 US 43, 68, n.22 (1997)).  Said another way, jurisdiction properly acquired, may abate if: (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur; and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.[19]

Here, Plaintiffs filed this class action lawsuit because the 36th District Court was abiding by the CDC Moratorium and prohibiting non-payment of rent evictions outside of the parameters of the moratorium.[20] Even if this Court is to believe that the Complaint alleges a real controversy (although Defendants wholeheartedly disagree), *Ala Ass'n of Realtors v HHS*,[21] settled it, especially since public records

---

[19] *See County of Los Angeles v Davis*, 440 US 625, 631 (1979)(quoting *SEC v Medical Comm For Human Rights*, 404 US 403 (1972) and *DeFunis v. Odegaard*, 416 US 312 (1974)).

[20] It is important to note that evictions still occurred in 36th District Court throughout pandemic (*i.e.* commercial evictions, damage to property, violation of written lease provisions, etc.).

[21] 210 L Ed 2d 856.

establish that Defendants have followed that precedent.[22] This Court, in other words, has no controversy to address. More to the point, both identified class members (JPA Holdings and Gosal) in this lawsuit received writs of eviction.  In the absence of a continuing controversy, this Court should dismiss Plaintiffs' claims on mootness grounds. *Arizonans for Official English*, *supra*, 520 US at 68, n.22 (1997).

### E. Plaintiffs' claims are barred against Defendant Chief Judge by absolute judicial immunity.

According to the Complaint, Plaintiffs' claims against Defendant William McConico are in his official capacity as Chief Judge of the 36th District Court. Specifically, the Chief Judge's decision to abide by the CDC Moratorium until the United States Supreme Court decision *Ala. Ass'n of Realtors v HHS*.[23]  That decision falls safely within the wide range of functions that courts have consistently recognized are protected by judicial immunity.[24]

Designed to discourage collateral attacks and to insulate judges from vexatious actions prosecuted by disgruntled litigants, the doctrine of judicial immunity bars claims against judicial officials for their judicial acts.[25] Judicial immunity extends to

---

[22] See **Ex. D**.
[23] 210 L Ed 2d 856.
[24] A Rule 12(b)(6) motion is an appropriate vehicle to assert judicial immunity. *See Leech v DeWeese*, 689 F3d 538, 541 (6th Cir 2012).
[25] *Stump v Sparkman*, 435 US 349, 356 (1978).

Case 4:21-cv-11884-MFL-KGA   ECF No. 9, PageID.63   Filed 10/29/21   Page 27 of 30

all "functions normally performed by a judge,"[26] regardless of motive or mistake.[27] And it applies to all civil rights claims.[28]

The Sixth Circuit takes a robust approach to judicial immunity, applying it to all acts normally performed by a judicial officer, even those that are not considered "paradigmatic judicial acts." *Brookings v Clunk*, 389 F3d 614, 617–18 (6th Cir 2004) (citing *Mireles*, 502 US at 13); *see Norfleet v Renner*, 924 F3d 317, 319 (6th Cir 2019) ("[W]e err on the side of granting immunity in close cases.").

For instance, in *Coleman v Governor of Michigan*, the Sixth Circuit extended judicial immunity to a judge's administrative order that was issued to other judges and court staff to instruct them on whether to accept civil filings from indigent inmates who were delinquent on court fees.[29] And in *Lawrence v Welch*, the Sixth Circuit held that the determination of "a particular individual's qualifications and fitness for admission to practice law," *even when not performed by a judicial officer*, "is an inherently judicial act" protected by judicial immunity.[30]

In this case, the Chief Judge was responsible for analyzing and applying federal orders and moratoriums and to the landlord tenant docket based on his legal expertise. The actions at issue in this case are judicial acts and should be protected.

---

[26] *Id*. at 362.

[27] *Mireles v Waco*, 502 US 9, 13 (1991).

[28] *Hurlburt v Graham*, 323 F2d 723, 725 (6th Cir 1963).

[29] 413 F App'x 866, 871 (6th Cir 2011).

[30] 531 F3d 364, 373 (6th Cir 2008).

19

### F. In the alternative, the Chief Judge's actions are barred under qualified immunity.

Qualified immunity is an affirmative defense that protects government actors performing discretionary functions from liability for civil damages when their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v Fitzgerald*, 457 US 800, 818 (1982). There is absolutely no statutory and/or case law that shows that at ANY relevant time in the Complaint that Defendant Chief Judge McConico was knowingly violating clear established rights of the plaintiffs by abiding by the CDC Moratorium concerning prohibition of non-payment of rent evictions.

In fact, before the August 26, 2021 United States Supreme Court in *Ala Ass'n of Realtors v HHS*[31] the Michigan Supreme Court Administrative Order Admin Ord No 2020-17 amended on July 29, 2021, in its very language, acknowledges that the challenges to said moratoriums have resulted in "conflicting opinions."

> Federal response to this problem has taken two forms: eviction moratoria and direct state aid. Several evection moratoria have been imposed, both by Congress (Pub L. 116-136) and by the CDC (published at 85 FR 55292 and extended by Order dated March 28, 2021). Prohibiting evictions for tenants in certain typed of government-supported housing or who meet certain income restrictions. The most recently-extended CDC order is slated to expire July 31, 2021 unless extended further. In addition, challenged to these CDC orders have been working their way through the courts, with conflicting opinions as a result.[32]

---

[31] 210 L Ed 2d 856.
[32] Admin Ord No 2020-17.

Moreover, as referenced in the above fact section, Admin Ord No 2020-17 specifically requires a pretrial hearing in each landlord tenant matter before an eviction hearing – and there is nothing in the order that limits the statutory authority of a judge to adjourn a landlord tenant matter.

Given the CDC Moratorium and the Michigan Supreme Court Administrative Orders requiring additional hearings in landlord tenant matters (and not prohibiting adjournments of matters), it cannot be said that Plaintiffs claimed constitutional violations were so clearly established that a reasonable person in Chief Judge McConico's position would know he or she was committing a constitutional violation.  Indeed, dismissal is appropriate because there are no clearly established statutory or constitutional rights that Chief Judge McConico could be said to have violated based on the actions alleged.  It should also not be lost on this Court the truly extraordinary circumstances under which Judge McConico issued the orders that Plaintiffs now attack.

## <u>CONCLUSION AND RELIEF REQUESTED</u>

This Court should dismiss Plaintiffs' lawsuit in its entirety against Defendants for the reasons set forth above and grant any other appropriate relief.

Respectfully submitted,

ALLEN BROTHERS, PLLC

*/s/ Lindsey R. Johnson*
James P. Allen, Sr. (P52885)
Lindsey R. Johnson (P67081)
Attorneys for Defendant 36th DC
400 Monroe, Ste. 620
Detroit, MI 48226
Dated: October 29, 2021          (313) 962-7777

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing and send copy of same to the attorneys of record.

/s/ *Samantha A. Wells*
Samantha A. Wells